**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF PUERTO RICO**

| | |
|---|---|
| MARTA I. VAZQUEZ-MOLINA, ET AL., <br><br>     Plaintiffs <br><br>          v. <br><br> LT. COL. JORGE RIVERA, ET AL., <br><br>     Defendants. | CIV. NO. 02-1900 (PG) <br>          02-1917 (PG) <br>          02-1932 (PG) |

**ORDER**

Before the Court are defendants' motions for summary judgment (Docket Nos. 192 and 194) and statements of undisputed facts (Docket Nos. 183 and 193). Also before the Court are defendants' 117 exhibits in support of summary judgment (Docket Nos. 184-190), all in the Spanish language, for which defendants have moved for leave to file translations and for an 30-day extension to do so (Docket No. 182). Finally, defendants filed a motion for leave to file excess pages in connection with their push for summary judgment (Docket No. 192).

The above styled and captioned case has been pending before this Court since June 12, 2002. Admittedly, it has involved extensive and prolonged discovery, which the parties have engaged in responsibly, albeit with some exceptions. During the February 16, 2006 status conference, the Court set the deadline to file dispositive motions for April 12, 2006, and the trial for May 22, 2006. (Docket No. 165). During the March 28, 2006 status conference, the Court denied defendants' request for an extension of time to file dispositive motions (Docket No. 171). On April 6, 2006, defendants again moved for an extension to file dispositive motions (Docket No. 174), which plaintiffs opposed (Docket Nos. 176-177) and the Court denied on April 11, 2006 (Docket No. 178). On reconsideration, the Court ultimately granted defendants until April 19, 2006 to file their

Civ. No. 02-1900 (PG)                                                  Page 2

motion for summary judgment.

Plaintiffs have moved to strike defendants' motions for summary judgment because they were filed, at least partially, outside the deadline set by the Court.(Docket No. 197). The record reflects that defendants' first summary judgment related filing was entered into the Court's electronic filing system ("CMECF") on April 19, 2006 at 8:42pm. See Notice of Electronic Filing for Docket No. 182. The last docket entry filed on April 19, 2006 was Docket No. 186, which though entered at 12:01am on April 20, 2006, was recorded as filed on April 19, 2006 because counsel began the electronic filing transaction prior to midnight. See Notice of Electronic Filing for Docket No. 186. All of defendants' remaining summary judgment materials were filed on or after midnight on April 20, 2006. See Notice of Electronic Filing for Docket Nos. 187-194. The Court's "Manual for Civil and Criminal Cases" involving administrative procedure for filing pleadings and papers by electronic means pellucidly states that "[a] document will be timely filed if filed prior to midnight." Manual at 8, available at http://www.prd.uscourts.gov/usdcpr/pdf/proc_manual_cm_ecf.pdf.

In opposition, defendants argue that the tardy filings, along with the timely filings, should be deemed parts of a single document whose filing commenced on April 19, 2006. (Docket No. 198 ¶ 5). Defendants' argumentative creativity aside, their importunements are simply unavailing. The Court's manual is clear in that filings must be made before midnight in order to be considered timely. The fact that defendants' summary judgment materials were composed, as they almost invariably are, by multiple filings, does not excuse their noncompliance with the Court's orders. Defendants' contention that the "motion for summary judgment is an integral part of the statement of uncontested facts, because one document cannot exist or stand without the other" and

Civ. No. 02-1900 (PG)                                                    Page 3

should therefore be considered part of the same filing as those made during April 19, 2006 does not change the analysis, and in fact hurts their position more than it aids it.  Precisely because their motions for summary judgment and memoranda of law are essential and inseparable elements of their attempts at summary disposition, the untimeliness of these motions dooms their efforts from the outset.

Having been forewarned about the solidity of the April 19 deadline, defendants could have (and in hindsight should have) begun their filings with more time so as to avoid the prickly situation they now find themselves in.  See Rosario-Diaz v. Gonzalez, 140 F.2d 312, 315 (1st Cir. 1998) (noting that "a litigant who ignores case-management deadlines does so at his peril.")  Originally, the word deadline referred to "a line around a prison beyond which a prisoner could go only at the risk of being shot..." Webster's New World Dictionary of the American Language, Second College Edition, 1976.  Defendants transgressed the deadline and must now face the guards.  Because defendants filed eight of their thirteen summary judgment submissions (Docket Nos. 187-194) outside the Court's deadline, one which the Court had already grudgingly extended once with the caveat that no further extensions would be granted (Docket No. 180), the same cannot be considered and must be **STRICKEN FROM THE RECORD.**

Even if the Court ignores defendants' non-compliance with its deadline, the sheer volume of their submissions doom their efforts at this juncture.  They filed two separate motions for summary judgment, one comprised of 64 pages, and the other of 45 pages[1], along with what amounts to a consolidated statement of material facts not in controversy, comprised of 70 pages excluding exhibits. (Docket Nos. 183 and 193).  The

---

[1] Defendants filed one motion on behalf of the supervisor defendants (Docket No. 192), and another on behalf of police officer Fernando Boyrie Fonseca (Docket No 194).

Civ. No. 02-1900 (PG)                                                Page 4

exhibits, in turn, total 117 and were all filed in the Spanish language. The rules of this Court make pellucid that "[e]xcept by prior leave of Court, no memorandum of law in support of or in opposition to a...motion for summary judgment...shall exceed twenty-five (25) pages." L.Cv.R. 7.1. Relatedly, Local Rule 56 requires that the required statement of material facts not in controversy must be "**short and concise**." L.Cv.R. 56(b) (emphasis added). Acknowledging that their motions and supplemental materials do not comply with Local Rules 7.1 or 56, defendants moved for leave to file excess pages (Docket No. 192). Additionally, defendants have moved for an extension of 30 days to file English versions of their 117 Spanish-language exhibits.

   Far from being a slight deviation from the page limit mandated by local rules, defendants' motions and materials more than double them. Additionally, granting defendants' motion to file excess pages would be prejudicial to plaintiffs, as their opportunity to respond to the motions and adequately prepare for trial would be seriously undermined. The prejudice to plaintiffs is further underscored by the fact that, having filed all their exhibits in the Spanish language, defendants will not be able to submit the entirety of their summary judgment materials until approximately three days prior to trial.[2] Allowing defendants' summary judgment motions and materials would leave the Court with no option but to postpone the trial, as there is no way plaintiffs will have enough time to respond to the mammoth motions before the trial date. Given the Court's pellucid orders that the trial in this case will not be postponed, this option simply is not. See Docket No. 178 and 180. Additionally, the Court will not saddle plaintiffs with the considerable prejudice of having

---

   [2] Cognizant of the Court's prior orders refusing to forestall the trial, defendants could have made arrangements to translate their exhibits while they were working on their motions for summary judgment, thereby making the requested 30-day extension unnecessary.

Civ. No. 02-1900 (PG)                                                    Page 5

to respond to a sizeable dispositive motion so close to the trial date, when said motion was filed well in excess of the limits imposed by local rules.

    The circumstances of this case and the interests of justice require that defendants' motion for leave to file excess pages (Docket No. 191) be **DENIED**.  Consequently, defendants' motions for summary judgment (Docket Nos. 192 and 194), along with their corresponding statements of facts not in controversy (Docket Nos. 183 and 193) shall be **STRICKEN FROM THE RECORD**.  Finally, defendants' motion for leave to file Spanish language exhibits and for a 30-day extension to file translations (Docket No. 182) is **DENIED**.  Defendants' exhibits (Docket Nos. 183-190) are, thus, **STRICKEN FROM THE RECORD**.

    **SO ORDERED**.

    In San Juan, Puerto Rico, April 25, 2006.


                                            S/JUAN M. PEREZ-GIMENEZ
                                            U. S. DISTRICT JUDGE